IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DONALD EARL SWEAT, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> SOUTH CENTRAL CORRECTIONAL ) <br> CENTER, et al., ) <br> ) <br> Defendants. ) | CASE NO. 1:14-0063 <br> JUDGE HAYNES/KNOWLES |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion for Judgment Upon the Pleadings." Docket No. 44. Defendant has filed a supporting Memorandum of Law. Docket No. 45. Even though the Motion was filed more than two months ago, the pro se prisoner Plaintiff has not filed a Response.

The only Defendant named in the style of Plaintiff's pro se Complaint is "South Central Correctional Center." Docket No. 1, p. 1. In the body of the Complaint, however, Plaintiff lists as Defendants Casteel Debra and Arvil Chapman. *Id*., p. 2. For his "Statement of Claim," Plaintiff wrote:

> On 4-16-14 I told Mr. Casteel that my safety was at risk he told me that the gang were just trying to scare me in too paying for protection cause I have sex charges. And I ask to be placed on p.c. and transferred some way else. he said that he didn't feel that it was a safety risk that the inmate were just trying to scare me and it was working so on the day of the 16 of April I RCA my self and went to the hole. Mr. Bulletin, Mr. Parrish, Mrs. Junker and the Assistant Pricable here at SCCF.

*Id*.

Plaintiff wrote the following in the section of his Complaint headed "Relief":

> I would like the Court to look in to it cause people with sex charges are getting mistreated and killed out here at South Central C.F. I just wont some thing done to stop people dieing here and us sex offenders don't have to pay for protection or die any more. And it just aint righ for the correction officers to treat you like garbage cause of our charges either.

To the extent that Plaintiff has sued or attempted to sue South Central Correctional Center, the instant Motion should be GRANTED. South Central Correction Center is a building and is not amenable to suit under § 1983. *Bryant v. Jackson*, 2015 U.S. Dist. LEXIS 6937 at *12 (M.D. Tenn. January 16, 2015). As Judge Haynes observed in *Bryant*:

> Plaintiff also names SCCF as a Defendant to this action. The facility itself is a building, not a person amenable to suit under § 1983.

Even if the Court liberally construes Plaintiff's Complaint as being brought against Corrections Corporation of America, the corporation that privately operates SCCF, a municipality or a private prison cannot be held liable under § 1983 based solely upon a respondeat superior theory. *Bd. of County Comm'rs v. Brown* 520 U.S. 397, 403 (1997); *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978); *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005). In order to impose liability under § 1983 upon a municipality, a plaintiff must show that some policy or custom of the municipality was the moving force behind the alleged constitutional deprivation. *See Monell*, 436 U.S. at 691; *Miller*, 408 F.3d at 813.

Plaintiff in the case at bar has failed to allege that SCCF or CCA has a policy or custom that was the moving force behind any decision concerning his alleged request for protective

custody and the prison employees' response. Thus, the Complaint fails to state a claim upon which relief can be granted against Defendant SCCF or CCA.

For the foregoing reasons, the undersigned recommends that the instant Motion (Docket No. 44) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge