UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| DONALD EARL SWEAT, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 1-14-00063 |
| v. | ) Senior Judge Haynes |
| SOUTH CENTRAL CORRECTIONAL CENTER, | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 46) to grant Defendant South Central Correctional Center's motion for judgment on the pleadings (Docket Entry No. 44). Plaintiff did not file an objection.

After de novo review, the Court adopts the Magistrate Judge's conclusion that Plaintiff's claims against South Central Correctional Center or Corrections Corporation of America ("CCA"), the corporation that privately operates SCCC, should be dismissed.

Although in the body of the complaint Plaintiff lists "Casteel Debra" and "Arvil Chapman" as Defendants, Plaintiff does not specify in what capacity these Defendants are being sued. Nor does Plaintiff specify what remedies he seeks.[1] Applying the "'course of proceedings' test to determine

---

[1] "[D]amages . . . seek to compensate plaintiffs for past injuries." Wilson v. Yaklich, 148 F.3d 596, 601 (6th Cir. 1998). Here, Plaintiff does not allege that he has suffered any actual physical injury. Nor has Plaintiff alleged that he has suffered any emotional or psychological injury from the alleged threats. In a similar context, the Sixth Circuit has stated, "Even if [the plaintiff] had claimed a non-physical injury such as fear of assault at the hands of the prison gang, . . . monetary damages for such alleged harm would not have been appropriate in *this* Eighth Amendment context. Id. (emphasis in original); Osborne v. Little, No. 3:07–1290, 2008 WL 4057093, at *3 (M.D. Tenn. Aug. 29, 2008) ("Under Wilson, [a plaintiff] cannot recover damages for his fears that give rise to his claims for emotional distress or mental suffering alone."). Further, prisoners are barred from bringing a civil action "for mental or emotional injury suffered while in custody without a prior

whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable," Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001), the Court concludes that these Defendants are being sued only in their official capacities.[2] See Coleman v. Porch, Nos. 3 09 0286, 3:09mc0022, 2009 WL 792300, at *1-2 (M.D. Tenn. March 25, 2009). "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). Thus, Plaintiff's claims against these Defendants in their official capacities are, in essence, against CCA, of which they are agents. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Therefore, Plaintiff's claims against Defendants "Casteel Debra" and "Arvil Chapman" should be dismissed.

Accordingly, the Report and Recommendation is **ADOPTED**, and Defendant's motion for judgment on the pleadings (Docket Entry No. 44) is **GRANTED**.

This is the Final Order in this action.

It is so **ORDERED**.

---

showing of physical injury." 42 U.S.C. §1997e(e). Thus, based upon Plaintiff's allegations, monetary relief would not be recoverable.

[2]Under the "course of proceedings" test, courts consider:

> such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. The test also considers whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued.

Moore, 272 F.3d at 772 n.1 (citation omitted).

2

ENTERED this the ____ day of May, 2015.

_____
WILLIAM J. HAYNES, JR
Senior United States District Judge